# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 7, 2025

Lyle W. Cayce
Clerk

No. 25-10608
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Manuel Monroy-Vega,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:24-CR-98-1

———————————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.
Per Curiam:[*]

Juan Manuel Monroy-Vega appeals his conviction and sentence for illegal reentry into the United States after deportation under 8 U.S.C. § 1326. For the first time on appeal, he argues that the recidivism enhancement in § 1326(b) is unconstitutional because its application allowed a supervised release term above the otherwise-applicable statutory maximum, based on

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10608

facts that were neither alleged in the indictment nor found by a jury beyond a reasonable doubt. The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time to file its brief. Monroy-Vega acknowledges his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and he seeks to preserve it for possible Supreme Court review.

Monroy-Vega is correct that his argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is thus appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED.